IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                          Civil No. 2:24-CV-02134-MEF

$195,380.00 UNITED STATES CURRENCY                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is the Government's Motion to Strike the Claim of Thomas Whitehead ("Claimant") pursuant to Rule G(8)(c)(i)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure. (ECF No. 15). Despite the passage of more than 30 days, the Claimant has not filed a response. For the reasons stated below, the Government's motion is GRANTED.

## I.    Background

This case arises from a traffic stop conducted by the Arkansas State Police on March 29, 2024. (ECF No. 15, p. 1). The Claimant was driving a rental vehicle with New Jersey license plates. Arkansas State Police Corporal Josh Elmore ("Corporal Elmore") observed that although the vehicle appeared "lived in," there was no luggage. The Claimant advised Corporal Elmore he had driven from Richmond, Virginia, to Maricopa, Arizona to be with his daughter on her birthday. (*Id*., p. 2).

When asked if he had marijuana in the vehicle, the Claimant acknowledged a small amount in the center console. He also confirmed he had more than $10,000 inside the vehicle. The claimant initially stated that he was uncertain of the actual amount but later explained that he had withdrawn $80,000 from his 401k. He did not, however, have documentation of the withdrawal.

During the search, Corporal Elmore located a total of $195,380 in a cardboard speaker box in the rear cargo area and inside a gray draw string bag laying on top of the speaker box. The currency consisted of numerous bundles wrapped with rubber bands. A drug-sniffing K9 unit later alerted to the presence of narcotic odors on the currency.

Upon further questioning, the Claimant provided contradictory explanations regarding the purpose of his trip, who he was going to meet, and the source of the currency. (ECF No. 15, p. 3). A subsequent investigation revealed that the Claimant had been in recent phone contact with individuals involved with drug trafficking in Richmond, Virginia; Oakland, California; and Washington, D. C. Accordingly, the currency was seized and referred for forfeiture proceedings.

On October 21, 2024, the Government filed a Complaint for Forfeiture in Rem, alleging that the $195,380 seized from the Claimant was subject to forfeiture as property that is proceeds of or involved in violations of 21 U.S.C. §§ 841, et seq. (ECF No. 2). Notice of the Complaint was sent to the Claimant on October 23, 2024. (ECF No. 7). The Notice contained the standard instructions on the requirements for filing both a verified claim and an answer. *Id*.

The Claimant did not file a verified claim with the Court but instead sent the United States Attorney's Office ("USAO") a signed copy of the "Consent to Exercise of Jurisdiction by a United States Magistrate Judge" with a date of November 15, 2024, and a copy of the claims he had previously submitted to the Drug Enforcement Agency ("DEA"). (ECF No. 15-1). Cognizant of his status as a *pro se* litigant, the USAO wrote a letter to the Claimant advising him that he had not yet complied with the Notice because he had neither filed a claim with the Court nor an answer to the Complaint. *Id.* They further advised him that failing to comply with the instructions in the notice would result in the Government seeking a Default Judgment against him which would likely result in forfeiture of the currency. (ECF No. 15-2). An additional copy of the initial Notice was

included, along with a statement that the Government would refrain from filing for a default judgment until January 7, 2024, to give him time to comply. *Id*.

A response from the Claimant was docketed by the Clerk of Court on January 6, 2025, reiterating the circumstances surrounding the traffic stop and claiming that he owned a realty business and was looking into property for sale while in Arizona. (ECF No. 11). Despite the warnings in the initial Notice, the second Notice, and the letter from the USAO, no answer to the Complaint was filed. *Id*.

On March 10, 2025, the USAO sent a second letter to the Claimant, this time enclosing special interrogatories to aid in determining his relationship to the funds and his standing to contest the forfeiture. (ECF No. 15-3). The Claimant was informed that he was required to either answer or object to the Government's special interrogatories within 21 days after he received them. *Id*. In addition, the USAO reminded the Claimant him that he had not answered the Government's Complaint and reiterated their intent to seek a default judgment in the case. *Id*. In response, the Claimant sent a signed Declaration along with a near verbatim recitation of his previous claim filed with the DEA. (ECF No. 15-5).

## II.    Applicable Rules

Civil forfeiture proceedings are governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to the Federal Rules of Civil Procedure. To establish standing to contest a forfeiture, one must first prove ownership. *U.S. v. Ford 250 Pickup VIN No. 1FTHX26M1LKA69552*, 980 F.2d 1242, 1246 (8th Cir. 1992). This requires the person who asserts an interest in the defendant property to file a claim in the court where the forfeiture action is pending. Fed. R. Civ. P. Supp. R. G(5)(a)(1). The claim must state the specific property claimed, identify the claimant and the claimant's interest in the property, and

3

be signed under penalty of perjury.  Fed. R. Civ. P. Supp. R. G(5)(a)(1)(A)-(C).  The person asserting a "right of possession or any ownership interest" is also required to "serve an answer within 21 days after filing the statement of interest or right."  Fed. R. Civ. P. Supp. R. G(5)(b).  Compliance with this rule has been strictly enforced by the Eighth Circuit Court of Appeals.  *Ford 250 Pickup VIN No. 1FTHX26M1LKA69552*, 980 F.2d at 1245.  Thus, failure to file either a claim or an answer as mandated by the rule justifies dismissal of the claim.  *Id.*; *see also U.S. v. $50,613.00 in U.S. Currency*, 2024 WL 457767, *2 (E.D. N.C. Feb. 6, 2024).

To weed out unsubstantiated claims, Supplemental Rule G(6) permits the government to inquire further into a claimant's interest in the property.  Specifically, "[t]he government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed."  Fed. R. Civ. P. Supp. R. G(6)(a).  Answers or objections must be served within 21 days after service of the interrogatories.  Fed. R. Civ. P. Supp. R. G(6)(b).  If no response or incomplete answers are received within the specified time period, the government may move to strike the claimant's claim for failure to comply with Supplemental Rule G(6).  Fed. R. Civ. P. Supp. R. G(8)(c)(i)(A).  However, Rule G(8) authorizes striking a claim for "failing to comply with" Rule G(6) only if the claimant has reason to know of, and violates, the Rule G(6) special interrogatory obligations.  *Id.*

The Eighth Circuit has held that a district court abuses its discretion when it strikes a claim for a claimant's failure to adequately respond to special interrogatories "when no special interrogatories [are] necessary to determine standing," such as when the claimant states in his answer that the seized property was "money he had earned through his employment."  *U.S. v. $154,853.00 in U.S. Currency*, 744 F.3d 559, 564 (8th Cir. 2014), overruled on other grounds by *U.S. v. $579,475.00 in U.S. Currency*, 917 F.3d 1047 (8th Cir. 2019).  When a claimant attributes

4

the seized currency to a legitimate source, such as employment, there is a "colorable ownership interest" to satisfy the standing requirement.  *Id*.

### III.    Discussion

The Government has moved to strike the Claimant's claim to the property because (1) he failed to file an Answer to the Complaint, and (2) he failed to respond to the special interrogatories submitted pursuant to Rule G(6).  For the reasons discussed below, this Court finds that the Claimant has failed to comply with the requirements of Rule G and GRANTS the Government's Motion to Strike.

The Court construes the Claimant's January 2025 notice as a valid claim to the seized property.  *See $579,475 in U.S. Currency, et al*., 917 F.3d at 1049 (holding Rule G(8)(c)(i)(A) does not require specificity, rather a statement identifying the claimant and stating their interest in the property).  Strict compliance with the rule, however, requires the Claimant to file both a claim and an answer.  *Ford 250 Pickup 1990 Vin No. 1FTHX26M1LKA69552*, 980 F.2d at 1245.  Despite no fewer than three admonitions that he must also file an Answer, the Claimant failed to do so.  The USAO's March 2025 letter even specifically advised him that he had not yet filed an answer.  Moreover, all three notices indicated that his failure to comply with the rules could result in the entry of a default judgment against him and forfeiture of the currency.  Accordingly, the Court finds the Claimant's failure to file an answer constitutes a knowing failure to strictly comply with the requirements of Rule G(5).

The Government also contends that the Claimant's failure to properly respond to the special interrogatories warrants striking his claim.  "Failing to comply" with an obligation requires actual or constructive awareness of it.  *U.S. v. $34,918 U.S. Currency*, 70 F.4th 1058, 1062 (8th Cir. 2023).  And, in this case, the USAO advised the Claimant that he must provide answers to the

interrogatories no later than 21 days after receiving them.  (ECF No. 15-3).  While he did respond with a statement merely reiterating the events surrounding the seizure of the currency, he failed to respond or object to the interrogatories.  (ECF No. 15-5).  Given his conflicting statements regarding the source of the currency, a statement that he owned the money, without more, fails to establish sufficient facts upon which the Government could determine his relationship to the funds and his standing to contest the forfeiture.  *See U.S. v. $55,564 in U.S. Currency*, 2010 WL 5475815, at *2 (D.N.J. Dec. 31, 2010) (granting Rule G(8)(c) motion to strike claim and answer after claimant failed to respond; claimant who does not provide a satisfactory response to special interrogatories lacks statutory standing).  Therefore, the Court agrees that the Claimant's failure to comply with rule G(6) warrants striking his claim.  *See U.S. v. $27,970.00 in U.S. Currency*, 2010 WL 933762, at *1 (S.D. Ga. Mar. 16, 2010) (dismissing claim pursuant to Supplemental Rule G(8)(c)(i)(A) two months after claimant failed to respond to special interrogatories).

### IV.    Conclusion

For the reasons and upon the authorities discussed above, it is ORDERED that the Government's Motion to Strike (ECF No. 15) is GRANTED.  The claim of Thomas Whitehead (ECF No. 11), Claimant, is hereby stricken.

IT IS SO ORDERED this 28th day of July 2025.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE